Filed 2/5/26  P. v. Darnell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISRAEL DARNELL,<br><br>    Defendant and Appellant. | E083213<br><br>(Super.Ct.No. RIF1701666)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John M. Tomberlin, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Israel Darnell challenges his conviction on 14 counts of sexually abusing his stepdaughter (born May 2002) between 2013 and 2017. He argues the jury's instructions on unanimity and on when the crimes allegedly occurred were inadequate. We find no prejudicial error and affirm.

FACTS

Darnell was tried on eight counts of rape of a child under age 14 (Pen. Code[1], §§ 261, subd. (a)(2) or (6), 269, subd. (a)(1), counts 1-8)), two counts of forcible oral copulation of a child under age 14 (former § 288a (since renumbered as § 287), § 269, subd. (a)(4), counts 9-10), one count of forcible sodomy of a child under age 14 (§§ 269, subd. (a)(3), 286, subds. (c)(2), (3), (d), count 11), two counts of forcible sodomy of a child age 14 or older (§ 286, subds. (c)(2)(C), counts 12-13), and one count of forcible oral copulation of a child age 14 or older (§ 287, subd. (c)(2)(C), count 14).

At trial, Darnell's stepdaughter testified as to approximately when certain acts occurred, including those underlying count 1 and counts 11 through 14. Her testimony about the acts underlying other counts was based on her general recollection of a lengthy pattern of conduct. Thus, she testified that, beginning in 2013 and continuing until May 9, 2017, Darnell regularly had sexual intercourse with her: "When it first started, it would be once or twice a week. As, I guess you can say, things got more comfortable, it became about two times a day; three, four times a week." For a similar period, he made her orally copulate him about three times a week.

---

[1] Undesignated statutory references are to the Penal Code.

2

Darnell testified in his own defense, saying "I have never touched my daughter sexually." Defense counsel accordingly presented that defense, arguing in closing that Darnell's stepdaughter "is not the first troubled teenager to make up things about their stepfather."

The jury convicted Darnell on all 14 counts. The trial court sentenced him to a total term of 197 years to life.

DISCUSSION

A. *Unanimity instructions*

Darnell's view is that, as to counts supported only by generic recollection testimony, the trial court should have *sua sponte* instructed the jury on unanimity using CALCRIM No. 3501 instead of CALCRIM No. 3500. In his view, the failure to instruct with CALCRIM No. 3501 effectively lowered the prosecution's burden of proof "because the prosecution did not have to convince the jury that *all the alleged acts* occurred." The People agree "instruction on CALCRIM No. 3501 would have been appropriate," but argue any error was harmless.[2] We agree any error was harmless.

_____

[2] The People also argue Darnell forfeited his challenge to the unanimity instructions. However, "failure to object to instructional error will not result in forfeiture if the substantial rights of the defendant are affected. [Citations.] Here, [Darnell] claims that the flawed instructions deprived him of due process, and because this would affect his substantial rights if true, his claim is not forfeited." (*People v. Mitchell* (2019) 7 Cal.5th 561, 579-580.) In any event, since the issue is purely legal and addressing the merits will "forestall a petition for writ of habeas corpus based on a claim of ineffectual counsel," we exercise our discretion to reach the merits. (*People v. Williams* (2000) 78 Cal.App.4th 1118, 1126.)

The court instructed the jury on unanimity using CACLRIM No. 3500.  As given, the instruction was: "The defendant is charged with a number of sexually related crimes, as instructed and defined in Counts 1 through 14 sometime during the period of October 13, 2013 through May 30, 2017.[¶]  The People have presented evidence of more than one act to prove that the defendant committed one or more of these offenses.  You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed."

The court also directed the jury to treat each count separately using CALCRIM No. 3515: "Each of the counts charged in this case is a separate crime.  You must consider each count separately and return a separate verdict for each one."

No party requested CALCRIM No. 3501, the instruction Darnell now contends should have been given, and the court did not instruct the jury with it.  It is "an alternative instruction to" CALCRIM No. 3500, which "affords two different approaches for the jury to reach the required unanimity."  (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 556 (*Fernandez*).)  The first is reflected in CALCRIM No. 3500, "agreement as to the acts constituting each offense."  (*Fernandez*, at p. 556; see CALCRIM No. 3501.)  The second allows the jury to return a guilty verdict if "'the People have proved that the defendant committed all the acts alleged to have occurred during this time period [and have proved the defendant committed at least the number of offenses charged].'"  (*Fernandez*, at p. 556.)  CALCRIM No. 3501 is appropriate where there are multiple charges supported by

4

testimony about recurrent events without specific dates.  (See *People v. Jones* (1990) 51 Cal.3d 294, 321 [where there is evidence of more instances of criminal conduct than are charged in a particular time period, the jury's "difficulty in differentiating between the various acts should not preclude a conviction of the . . . counts charged, so long as there is no possibility of jury disagreement regarding the defendant's commission of any of these acts"].)

We review the adequacy of jury instructions de novo and ask "whether 'there was a reasonable likelihood the jury applied the challenged instruction in an impermissible manner.'"  (*People v. Hajek & Vo* (2014) 58 Cal.4th 1144, 1220 (*Hajek & Vo*), abrogated on another ground by *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.)  We look to the entire charge, rather than considering parts of the instructions in isolation, and make allowance that a "'theoretical possibility of confusion [may be] diminished by the parties' closing arguments.'"  (*Hajek & Vo*, at p. 1220.)  We presume jurors are "'"'intelligent, capable of understanding instructions and applying them to the facts of the case.'"'"  (*Ibid.*)

The California Constitution requires a unanimous verdict in criminal cases, which means "the jury must agree unanimously the defendant is guilty of a *specific* crime."  (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.)  An instruction that the jury must unanimously agree on the criminal act underlying a count is required when the number of similar, separately chargeable criminal acts shown by the evidence exceeds the number of crimes charged.  (*Ibid.*)  Such an instruction guards against the danger that a defendant

will be convicted "even though there is no single offense which all the jurors agree the defendant committed." (*People v. Sutherland* (1993) 17 Cal.App.4th 602, 612.)

Here, CALCRIM No. 3500 directed the jurors that to convict on any count they must agree on "at least one" of the charged acts and that they must "agree on which act he committed." The court also directed the jurors, using CALCRIM No. 3515, that each count is a "separate crime" and they "must consider each count separately." Darnell does not acknowledge this instruction in his opening brief, but it is critical. We consider the jury charge as a whole and this instruction, which followed immediately after the unanimity instruction, clarifies the jury must agree on a separate criminal act for each count. The same point is underlined by other instructions on the verdict forms provided for each count, and the direction that if the jurors are "able to reach a unanimous decision on only one or only some of the charges, fill in those verdict forms only." We conclude there is no reasonable likelihood that the jury was confused by the instructions and misapplied them.

Moreover, even assuming it was error for the trial court not to use CALCRIM No. 3501 to instruct the jury as to those counts supported only by generic testimony, the error was harmless by any standard.[3] Darnell's reading of CALCRIM No. 3501 as a "limit" on the jury's use of generic testimony is mistaken. "CALCRIM No. 3501 provides an

---

[3] "Although there is a split of authority on whether the *Chapman* [*v. California* (1967) 386 U.S. 18] standard applies to the failure to give a unanimity instruction, we agree with the majority view that it does." (*People v. Jones* (2024) 106 Cal.App.5th 1085, 1096.)

*additional* manner by which a jury may unanimously find a defendant guilty beyond that provided in CALCRIM No. 3500." (*People v. Vasquez* (2017) 14 Cal.App.5th 1019, 1046.) The instruction does not benefit a defendant, instead providing the prosecution with *another means* of establishing guilt unanimously, by specifying that the defendant is guilty not only if they all agree the defendant committed an alleged act, but also if they agree the defendant committed all the acts alleged. (*Ibid.*) If anything, a failure to instruct the jury with CALCRIM No. 3501 raises the bar for the *prosecution* to obtain a verdict in its favor, not the other way around as Darnell proposes.

## B. *Instruction on Date of Offenses*

The trial court instructed the jury using CALCRIM No. 207: "It is alleged that the crimes occurred on or about October 21, 2013 through May 30, [2017]. The People are not required to prove that the crimes took place exactly on those days but only that they happened reasonably close to those days."

Darnell has not argued that CALCRIM No. 207 as given was legally incorrect, and rightly so. (See *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1304 ["CALCRIM No. 207 accurately states the general rule that when a crime is alleged to have occurred "on or about" a certain date, it is not necessary for the prosecution to prove the offense was committed on that precise date, but only that it happened reasonably close to that date"].) He argues that nevertheless "[t]here is a reasonable likelihood that these instructions confused the jury during deliberations, because in the context of generic *and* specific

allegations of sexual abuse over the course of many years, jurors had no way to clearly identify what particular charge they were discussing and what act went to that charge."

This argument fails for at least two reasons. First, "'[a] party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language.'" (*People v. Jones* (2013) 57 Cal.4th 899, 969.) Darnell did not ask the trial court to instruct the jury on the dates of the alleged offenses with more specificity. The trial court had "no sua sponte duty to revise or improve upon an accurate statement of law." (*People v. Lee* (2011) 51 Cal.4th 620, 638.) And we have already rejected Darnell's argument that the jury was not adequately instructed to consider each count separately.

Second, we have no reason to believe the jurors were inhibited from applying their instructions to the evidence or effectively deliberating by lack of more specific direction about when each count was allegedly committed. We presume jurors are intelligent, understand their instructions, and can apply those instructions to the evidence presented. (*Hajek & Vo*, *supra*, 58 Cal.4th at p. 1220.) Thus, absent evidence to the contrary, we trust jurors can perform the count-by-count analysis of the facts and defenses that Darnell now argues could have led to a different verdict on some of the charges, even though he did not even raise at trial the arguments he suggests. That the jury did not credit those defenses does not show any instructional error.

8

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

MILLER_____
Acting P. J.

LEE_____
J.